# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **NICKLAUS EDWARD NEAL,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**C/O J. SABO, ET AL.,** )<br>)<br>Defendants. )<br>) | Case No. 7:21CV00129<br><br>**OPINION**<br><br>JUDGE JAMES P. JONES |

*Nicklaus Edward Neal, Pro Se Plaintiff.*

The plaintiff, Nicklaus Edward Neal, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials wrongfully deprived him of a mattress for six days. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

At the time Neal's claims arose, he was confined at the Southwest Virginia Regional Jail ("SWVRJ") in Abingdon. The court directed Neal to file an Amended Complaint to make a more specific and detailed statement of the facts in support of his claims, and he has done so. Neal states that on November 11, 2020, he was incarcerated for violating probation, serving an eighteen-month jail term. During a random search in his housing area, officers Hagy and Reynolds took away Neal's mattress. He received a disciplinary charge for damaging state property, based on

evidence that his mattress was torn. He was found guilty of the charge and was penalized with loss of a mattress for six days. In his Amended Complaint, Neal sues four SWVRJ officers, seeking monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons," however, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347-49. It is well established that "only the unnecessary *and wanton* infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citations omitted). To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged,

official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). At a minimum, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Neal's complaint does not allege facts showing that without a mattress for six days, he suffered any significant physical or psychological harm. Thus, I conclude that Neal's Amended Complaint fails to state any constitutional deprivation actionable under § 1983 and must be summarily dismissed under § 1997e(c)(1).

A separate Final Order will be entered herewith.

DATED: November 1, 2021

/s/ JAMES P. JONES
Senior United States District Judge